## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JO A. YOCHUM**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11cv378 |
| | ) | **Electronic Filing** |
| **FJW INVESTMENT, INC.**, | ) | |
| t/d/b/a Bath Fitter Of Pittsburgh, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

September 2, 2016

In anticipation of the trial scheduled to begin on Tuesday, September 6, 2016, plaintiff Jo

A. Yochum ("Yochum" or "plaintiff") and defendant, FJW Investment, Inc. ("FJW" or

"defendant"), have filed several motions *in limine*.  The parties have filed responses and the

motions are now before the Court.

> 1.    FJW's Motion *in Limine* to Preclude Evidence of
>        Unemployment Compensation Proceedings

In this action for religious discrimination, Yochum contends that she was subjected to

religious discrimination during the course of her employment in the form of a hostile work

environment and then terminated or constructively discharged by her employer, FJW, when she

refused to follow the religious beliefs of defendant's managers/owners.  As part of the hostile

environment plaintiff assertedly was required to participate in "training sessions" that consisted

primarily of religious indoctrination and proselytizing.  It is the FJW's position that Yochum and

others similarly situated were independent contractors and not employees.  After Plaintiff left

FJW's employ, she filed for Unemployment Compensation benefits claiming that she was an

employee and she was discharged from her employment.  The Bureau of Unemployment

Compensation  (the "Bureau") held hearings and made determinations.  FJW seeks to preclude

introduction of the determinations made by the Bureau regarding Yochum's claim for benefits and/or the claims of others who provided services for defendant along with the Bureau's determinations.

Pursuant to Rule 403 of the Federal Rules of Evidence, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, whether Yochum was an employee or independent contractor is a question of fact for the jury. All factual determinations and credibility issues are for the factfinder to assess based on the sworn testimony and other evidence introduced at trial. The Court agrees that the findings of the Bureau are unduly prejudicial, would cause jury confusion and would create a significant risk that the jury will place undue weight on the findings in lieu of making their own credibility determinations and substantive assessments. *See Kirby v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 101805, *12 (W.D. Pa. Oct. 29, 2009); *Finnegan v. Ross Township*, 2008 U.S. Dist. LEXIS 73510, *7 (W.D. Pa., Sept. 25, 2008).

FJW's motion, therefore, will be granted.

2.     FJW's Motion *in Limine* to Preclude
        Evidence of IRS Determinations

By its motion, FJW seeks to preclude prior Determination Letters issued by the IRS with regard to Yochum's employment status. As determined above, whether Yochum was an employee or an independent contractor is an issue for the jury. For the reasons set forth above, FJW's motion to preclude all evidence regarding the IRS determinations at trial will be granted.

3.     FJW's Motion *in Limine* to Preclude
        Evidence of and Claim of Back Pay

In a Title VII discrimination case, the issues of whether an award of back pay and/or front pay should be made are for the Court to decide in the first instance. If necessary, this court

ultimately will decide these issues in phase 3 and will make a determination at that juncture as to whether it will utilize the jury in its advisory capacity as to one or both of these inquiries.[1]  In any event, the Court is confident it can make the proper rulings when appropriate.  The motion, therefore shall be denied.

4.     FJW's Motion *in Limine* to Exclude Evidence Regarding
       Alleged Discriminatory Conduct Against Others

By its motion FJW seeks to exclude evidence regarding several other sales representatives and/or employees who worked for FJW under the same circumstances as Yochum. FJW argues that such evidence ("me too" evidence) is: (1) not relevant to single-plaintiff employment claims under Rules 401 and 402 of the Federal Rules of Evidence; (2) improper character evidence under Rule 404(b); and (3) unduly prejudicial and would waste the Court's time, confuse the issues and mislead the jury under Rule  403.

Yochum intends to introduce evidence from several other sales representatives who allegedly experienced very similar, if not identical, conditions of employment.  Yochum asserts that these individuals will testify that they were required to undergo the same training prior to being given sales leads, were subjected to "breakouts" led by Samuel Lucci, one of FJW's owners, and were subjected to religious proselytizing throughout their employment.  Yochum argues that evidence from other sales representatives regarding their similar experiences is

---

[1] Plaintiff's reliance on *Maxfield v. Sinclair Intern.*, 766 F.2d 788, 796 (3d Cir. 1985) for the proposition that "the amount of damages available as front pay is a jury question" is misplaced in a Title VII case.  *Maxfield* was a case under the ADEA, which has a much more encompassing right to a jury trial.  *Compare* 29 U.S.C.§ 626(c)(2) *with*  42 U.S.C. §§ 2000e-5(g) and 1981a(c) and *Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 86 (3d Cir. 2009) (recommended jury award on front pay was subject to the court's equitable discretion regarding proper adjustment).

relevant to show that FJW: (1) exerted sufficient control over the sales representatives such that they were actually employees; and (2) fostered an atmosphere that imposed certain religious beliefs on the sales representatives.

"Me too" evidence in an employment discrimination case is neither *per se* admissible nor *per se* inadmissible. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The question of whether evidence of discrimination against other employees is relevant is fact based and depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. *Id.* The Court is mindful of Rule 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." FED. R. EVID. 404(b). The Third Circuit applies a four-part test to determine the admissibility of Rule 404(b) evidence: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted. *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 189 (3d Cir.2000).

Yochum contends that evidence from other sales representatives regarding their similar experiences is relevant to show that FJW: (1) exerted sufficient control over the sales representatives such that they were actually employees; and (2) fostered an atmosphere that imposed certain religious beliefs on the sales representatives. Yochum further argues that such atmosphere increases the likelihood that FJW's behavior might occur on other occasions with other sales representatives.

4

Evidence that FJW treated the sales representatives as employees and created an atmosphere that mandated the sales representatives follow a certain religious belief system is relevant to the ultimate issues at trial.  Moreover, though such evidence is prejudicial to FJW, it is not unduly so.  And it is probative of the ultimate issues.  The motion to exclude "me too" evidence will be denied.

     5.     <u>FJW's Motion *in Limine* to Preclude Expert Testimony of Donal Kirwin</u>

Yochum asserts that she does not intend to call any expert at trial in this case. Accordingly, the motion will be denied as moot.

     6.     <u>FJW's Motion *in Limine* to Exclude Claim for Reimbursement of Training Fee</u>

FJW seeks to preclude Yochum from claiming any reimbursement of the $90,000 fee for certain training required for the sales representative position.  FJW contends that this cost is not recoverable under Title VII.  Yochum argues that evidence regarding the $90,000 training fee is relevant as part of her working conditions and she is entitled to introduce background evidence of her conditions and circumstances of employment with defendant.  Further, Yochum contends the requirement that she pay the fee caused her emotional distress and Title VII allows compensatory damage for that distress.

The Court agrees that the $90,000 is not compensable as damages under Title VII. Damages recoverable under Title VII include back pay, front pay, compensatory and in some instances punitive damages. The fee is neither front nor back pay and is not relevant to a claim for compensatory mental anguish.  Yochum is entitled to be fairly compensated for any injury she actually sustained as a result of FJW's discriminatory conduct.  Requiring her to sign a Sales Trainee Agreement, take a training class, and pay a fee for such class is not discriminatory under Title VII.  The fact that she had to pay a fee for required training, however, is relevant to the issue of whether FJW treated her as an employee or an independent contractor.  The motion,

therefore, will be granted to the extent Yochum intends to use the fee as evidence of Title VII damages, but denied in all other aspects.

      7.    <u>Yochum's Motion *in Limine* to Preclude Evidence of Lost Wages to Jury</u>

As set forth above, the issues regarding the availability of back pay and front pay are for the Court in a Title VII discrimination case.  The parties do not dispute that the actual calculation of a back pay award is for the court.  In the event the case proceeds to phase 3, the Court will decide the actual availability of this remedy and, if appropriate, the means by which any such award is to be determined.  The motion, therefore, will be granted.  This ruling will be subject to the exercise of the Court's equitable discretion in phase 3.

      8.    Yochum's Motion *in Limine* to Introduce Evidence
                of Front Pay Damages to the Jury

For the reasons set forth at Sections 3 and 7 set forth above, the motion will be denied. The court will determine whether the use of a jury in an advisory capacity is warranted in the event the litigation progresses to phase 3.

      9.    Yochum's Motion *in Limine* to Preclude Evidence,
                <u>Opinion, Testimony and Argument Regarding IRS Lien</u>

Yochum seeks to preclude the introduction of evidence, opinion, testimony or argument relating to a lien the IRS filed against her and her husband and/or the payment plan that she and her husband have entered into with the IRS in order to resolve any tax liability. Yochum argues that such evidence is not relevant to her claim of religious discrimination and its introduction would be unfairly prejudicial.  FJW argues that evidence concerning Yochum's tax status is relevant to a determination as to whether she was an employee or an independent contractor.

Though the Court agrees that plaintiff's treatment of income during the period she performed services for defendant is relevant, whether her and her husband were assessed a lien is

not.  The Court finds that evidence of the tax lean itself is prejudicial and not directly relevant to the issue of whether Yochum was an employee or an independent contractor.  The motion will be granted.

          10.     Yochum's Motion *in Limine* to Preclude Evidence, Opinion, Testimony
                 or Argument regarding Litigation and/or Settlement with Others

Yochum seeks to preclude evidence relating to litigation and/or a settlement that occurred between her and a company with which she was employed before she commenced employment with FJW as well as evidence relating to litigation and/or settlement between her and a company with which she was employed after her separation from employment with FJW.  FJW argues that Yochum's prior and subsequent suits against her employers are wholly relevant to an evaluation of her credibility, employability and relationships with her employers.  Further, FJW contends that, to the extent any claim for back pay or front pay is considered, her disputes and claims against her employers is relevant to an evaluation of her diligence or lack thereof in maintaining employment.

As to phases 1 and 2, the Court finds that any potential or actual litigation and any resulting settlement between Yochum and any prior or post-termination employer is irrelevant to her claim of religious discrimination.  Further such evidence would be unfairly prejudicial.  The Court finds that Yochum's employment with Gillece and the settlement of that litigation may well be relevant to the damages issue which might have to be decided by the Court.

Accordingly, the Court will grant the motion with respect to the issues to be tried before the jury and deny the motion with regard to the phase 3 damage segment of the case.

          11.     FJW's Motion *in Limine* to Preclude Outdated Training Materials

FJW seeks to exclude evidence regarding the training materials Yochum received during FJW's mandated training sessions.   FJW argues that the time period during which Yochum

7

received such material pre-dates her filing with the EEOC by more than 300 days and any discrimination claim arising therefrom is barred.  Though that is a true statement, it is without merit in this instance.

Yochum is not alleging she has a cause of action for the issuance of the training materials.  She alleges that FJW discriminated against her on the basis of religion by subjecting her to religious proselytizing and ultimately causing her separation from employment. Yochum's work environment, the conditions of her employment and the control FJW exerted over her are all relevant to the issues regarding her employment status and the alleged religious discrimination.  Though the training material does not form the basis of an actual cause of action, the Court finds that such evidence is relevant to a Yochum's circumstantial case of religious discrimination claim predicated on a hostile work environment.

While FJW may suffer prejudice if the evidence of its training and training materials are admitted at trial, the relevance and probative value of such evidence outweighs the potential prejudice that might result.  FJW's motion will be denied.

### ORDER OF COURT

AND NOW, upon consideration of the above listed motions, in accordance with the accompanying Memorandum

IT IS HEREBY ORDERED as follows:

1.	FJW's Motion *in Limine* to Preclude Evidence of Unemployment Compensation Proceedings (**Document No. 182**) is **GRANTED**;

2.	FJW's Motion *in Limine* to Preclude Evidence of IRS Determinations (**Document No. 180**) is **GRANTED**;

3.      FJW's Motion *in Limine* to Preclude Evidence of and Claim of Back Pay
(**Document No. 184**) is **DENIED**;

4.      FJW's Motion *in Limine* to Exclude Evidence Regarding Alleged Discriminatory
Conduct Against Others (**Document No. 186**) is **DENIED**;

5.      FJW's Motion *in Limine* to Preclude Expert Testimony of Donal Kirwin
(**Document No. 188**) is **DENIED** as moot;

6.      FJW's Motion *in Limine* to Exclude Claim for Reimbursement of Training Fee
(**Document No. 200**) is granted in part and denied in part.  The motion is
**GRANTED** to the extent plaintiff intends to use the fee as evidence of any form
of Title VII damages; it is **DENIED** in all other aspects;

7.      Plaintiff's Motion *in Limine* to Preclude Evidence of Lost Wages to the Jury
(**Document No. 202**) is **GRANTED**.  This ruling is subject to the exercise of the
Court's equitable discretion in phase 3;

8.      Plaintiff's Motion *in Limine* to Introduce Evidence of Plaintiffs Front Pay
Damages to the Jury (**Document No. 204**) is **DENIED**.  This ruling is subject to
the exercise of the Court's equitable discretion in phase 3;

9.      Plaintiff's Motion *in Limine* to Preclude Evidence, Opinion, Testimony and
Argument Regarding IRS Lien (**Document No. 206**) is **GRANTED**;

10.     Plaintiff's Motion *in Limine* to Preclude Evidence, Opinion, Testimony or
Argument regarding Litigation and/or Settlement with Others (**Document No.
208**) is granted in part and denied in part.  The motion is **GRANTED** with respect
to the issues to be tried before the jury, and  **DENIED** with regard to phase 3 of
the case; and

11.     FJW's Motion *in Limine* Re Outdated Training Materials (**Document No. 211**) is
**DENIED.**

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:     Colleen Ramage Johnston, Esquire
Nikki Velisaris Lykos, Esquire
Scott Michael Hare, Esquire
Trisha A. Gill, Esquire
David M. Huntley, Esquire
Richard B. Sandow, Esquire

(*Via CM/ECF Electronic Mail*)

9